UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

AMENDED CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02724-VBF-MBK | Date | November 4, 2025 |
| Title | Armando Perez III v. The People of the State of California | | |

Present: Hon. Michael B. Kaufman, U.S. Magistrate Judge

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Petitioner: | Attorneys for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** ORDER FOR PETITIONER TO SHOW CAUSE WHY HIS PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST

  On October 6, 2025, Petitioner, Armando Perez III, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. Petitioner has also filed a declaration in support of a request to proceed *in forma pauperis*. Dkt. 3. Petitioner argues that he is unlawfully detained in the County of San Bernardino's West Valley Detention Center in violation of his Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment Rights. Dkt. 1 at 6-8.

  The Court conducted a preliminary review of the Petition pursuant to Rule 4 of the Habeas Rules. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Based on the Court's review, it appears that Petitioner did not exhaust state court remedies prior to filing his petition. The Court therefore orders the Petitioner to show cause (that is, to explain in writing) why the Petition should not be dismissed for failure to exhaust.

  Petitioner filed his petition pursuant to 28 U.S.C. § 2254, which permits state prisoners to challenge their imprisonment on the ground they were unlawfully convicted of a state criminal offense. However, it is unclear if Petitioner is being held in West Valley Detention Center following his conviction for a criminal offense. While the Petition refers to Petitioner's "conviction," (Dkt. 1 at 2-3), it also indicates that he is being held while the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02724-VBF-MBK | Date | November 4, 2025 |
| Title | Armando Perez III v. The People of the State of California | | |

state courts determine whether he is competent to stand trial on pending criminal charges (*id*. at 6-7). If Petitioner has not been convicted and is being held pending criminal proceedings, he cannot challenge his detention under Section 2254. Instead, Petitioner may challenge his detention under 28 U.S.C. § 2241, which is "available for challenges by a state prisoner who is not in custody pursuant to a state court judgment [such as] a defendant in pre-trial detention." *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004).

Regardless of whether Section 2241 or Section 2254 applies, it does not appear that Petitioner can proceed with his claims in this federal habeas action because he has not exhausted state court remedies. Under both Section 2241 and Section 2254, a petitioner is generally required to exhaust their claims (that is, present the claims) to the state courts before seeking federal court relief. "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents them to a federal court in a habeas petition." *O'sullivan v. Boerckel*, 26 U.S. 838, 842 (1999). Exhaustion requires the prisoner's claims and grounds for relief be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. *See James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). To "fairly present" a federal claim to the state courts, the prisoner must describe both the operative facts and the precise federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). The petitioner bears the burden of showing compliance with the exhaustion requirement. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Under Section 2254, exhaustion in the state courts is mandatory and cannot be excused. Under Section 2241, exhaustion is generally required as a "prudential" matter, but may be excused based on good cause—for example, in limited circumstances where exhaustion would be futile or result in atypical irreparable injury. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).

Here, the Petition indicates that Petitioner has filed a state habeas petition before the San Bernardino Superior Court. Dkt. 1 at 2. While the outcome of those proceedings are unclear, the Petition indicates that Petitioner has not sought review or otherwise presented his claims to the California Court of Appeal or Supreme Court. *Id*. at 2-4. Because it appears Petitioner has not presented his claims to the highest state court (and does not seek to justify or excuse his failure to do so), it appears that the Petition is subject to dismissal for failure to exhaust.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### AMENDED CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02724-VBF-MBK | Date | November 4, 2025 |
| Title | Armando Perez III v. The People of the State of California | | |

However, before recommending dismissal of the claims, the Court will provide Petitioner an opportunity to clarify the status of his exhaustion of his claims with the state courts. Petitioner is ordered to file a response to advise the Court:

1. Whether he is being detained pending criminal proceedings or following his conviction;
2. Whether Petitioner *has* presented his claims to the state courts and, if so, the current status of the presentation of those claims; and
3. If Petitioner has not exhausted but can show good cause for his failure to do so, Petitioner may either ask this Court to excuse his failure to exhaust (if he is being held pending criminal proceeding and Section 2241 applies) or file a motion asking the Court to stay this case while he exhausts his claims before the state courts (if he is being held following a criminal conviction and Section 2254 applies).

The Court **ORDERS** Petitioner to file a response **by no later than December 4, 2025. Petitioner is warned that failure to file a timely response may result in a recommendation that the action be dismissed with prejudice for failure to prosecute the case pursuant to Federal Rule of Civil Procedure 41(b).**

*** 

Petitioner is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Petitioner without filing and will not be considered by the Court**.

    1.    All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA  90012."  No documents or letters should ever be sent to the judge or the judge's staff.

    2.    Each document must include the title and case number (including judges' initials).  Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only. No document may exceed <u>25 pages</u> in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02724-VBF-MBK | Date | November 4, 2025 |
| Title | Armando Perez III v. The People of the State of California | | |

    3.    Petitioner must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Petitioner should keep a copy of any document sent to the Court.

    4.    After any Respondent has filed an appearance in this action, Petitioner must file any future document with the Court and serve it on Respondent(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Petitioner must attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

    5.    At the top of the first page of any document sent to the Court, Petitioner must give their name and mailing address, including prisoner number (if applicable), other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Petitioner's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Petitioner fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

***Failure of a pro se Party to Keep Court Apprised of Current Address:*** **A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se Petitioner at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.**

**IT IS SO ORDERED.**